UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

DAVID ANTHONY FALLON,

           Plaintiff,           CIV. S-05-2289 MCE PAN PS

     v.

PACIFIC LABORATORIES, INC.,          ORDER

           Defendant.

-oOo-

    Plaintiff shall show cause in writing on or before January 6, 2006, and appear before this court Wednesday, January 11, 2006, at 9:00 a.m., in Courtroom 25, to show cause why sanctions should not be imposed upon him pursuant to Fed. R. Civ. P. 11 for his repeated filing of frivolous complaints.  Orders to show cause imposing the same deadlines are also being issued in <u>Fallon V. United States Government, Amtrak Rail Lines</u>, CIV. S-05-2139 DFL PAN PS, and <u>Fallon v. the United States Federal Communications Commission</u>, CIV. S-05-2355 FCD PAN PS.

1       This is one of the 18 cases plaintiff has filed in this
2  court since March 2005, and one of the seven cases assigned to
3  this magistrate judge.  In this case, plaintiff has filed a
4  standard application to proceed in forma pauperis pursuant to 28
5  U.S.C. § 1915.  While plaintiff's affidavit demonstrates that
6  because of poverty he cannot pay or give security for court costs
7  and still be able to provide himself with the necessities of
8  life, see Adkins v. E.I. Dupont de Nemours & Co., 335 U.S. 331,
9  339 (1948), plaintiff's complaint, like his others, is frivolous.
10      The complaint, which is typed, alleges that Pacific
11 Laboratories is the only known supplier in the United States of
12 "products like Imination [sic] Belladonna, and Imination [sic]
13 White Herion"  to "'head shops' and other retan [sic] outlets;"
14 that retailers are selling Pacific Laboratories products after
15 expiration of their shelf life; that Pacific Laboratories
16 provides fake addresses on its labels, thus preventing plaintiff
17 from requesting mail orders of these products; that defendant
18 cannot be sued in small claims court; and therefore that
19 plaintiff should be awarded "Three Hundred Million Dollars."
20      Federal Rule of Civil Procedure 11(a) requires that
21 "[e]very pleading, written motion, and other paper . . ., if the
22 party is not represented by an attorney, shall be signed by the
23 party."  The signature serves as a representation to the court
24 that, "to the best of the person's knowledge, information, and
25 belief, formed after an inquiry reasonable under the
26 circumstances," the paper is not offered for an improper or

harassing purpose, is warranted by "existing law or by a nonfrivolous argument," and contains allegations or denials of factual contentions with evidentiary support.  Fed. R. Civ. P. 11(b).

The court may on its own initiative enter an order describing a party's specific conduct that appears to violate subdivision (b) and direct the party to show cause why he has not violated that provision.  Fed. R. Civ. P. 11(c)(1)(B).  If, after notice and a reasonable opportunity to respond, the court determines subdivision (b) has been violated, the court may impose an appropriate sanction.  Fed. R. Civ. P. 11(c). Sanctions "shall be limited to what is sufficient to deter repetition of such conduct or comparable conduct by others similarly situated."  Fed. R. Civ. P. 11(c)(2).  Sanctions may include directives of a nonmonetary nature and imposition of a monetary penalty.  Id.

Plaintiff has inundated this court with proposed complaints asserting frivolous allegations.  See Nietzke v. Williams, 490 U.S. 319, 327-28 (1989) (a complaint is frivolous under 28 U.S.C. § 1915 if it contains "fanciful factual allegations" and "inarguable legal conclusion[s]").  While this complaint is typed, the court has spent hours attempting to decipher plaintiff's handwritten notes and illustrations; now that the words are easily decipherable it is even more clear their message is frivolous.  Conservation of judicial resources requires that plaintiff be deterred from filing additional

frivolous pleadings.

Accordingly, plaintiff shall show cause in writing on or before January 6, 2006, and appear before this court Wednesday, January 11, 2006, at 9:00 a.m., in Courtroom 25, to show cause why sanctions should not be imposed upon him pursuant to Fed. R. Civ. P. 11.  Failure to respond in writing to this order or to appear at the hearing may result in additional sanctions.

So ordered.

Dated:   December 12, 2005.

                                        /s/ Peter A. Nowinski
                                        PETER A. NOWINSKI
                                        Magistrate Judge